UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GCA SERVICES GROUP, INC.,** | ) | **CASE NO. 1:13CV2703** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **D. MICHAEL KOPP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

Before the Court is Plaintiff GCA Services Group, Inc.'s ("GCA") Motion to File a Second Amended Complaint, filed on February 20, 2014 (ECF DKT #15). On February 6, 2014, Defendant D. Michael Kopp ("Kopp") filed his Motion to Dismiss with the Court (ECF DKT #14); and GCA included the present Motion as an alternate in his Opposition to Kopp's Motion to Dismiss. For the reasons stated below, the Court GRANTS GCA's Motion to File a Second Amended Complaint.

Further, the Court DENIES Kopp's Motion to Dismiss as moot since it was filed in relation to the Plaintiff's First Amended Complaint.

**I. PROCEDURAL BACKGROUND**

This action originated in the Cuyahoga County Common Pleas Court and was removed on the basis of Diversity Jurisdiction on December 8, 2013.

On January 23, 2014, the Court held a Case Management Conference and concerns were raised about Plaintiff GCA's standing to enforce the restrictive covenants in the Nonqualified Stock Option Agreement Under the 2012 Erie Acquisitions Holdings, Inc. Stock Incentive Plan (the "Erie Agreement"). Following this conference, the Court ordered Defendant Kopp to file a Motion to Dismiss by February 6, 2014; Plaintiff GCA to file its Opposition to that motion by February 20, 2014; and Kopp to file his Reply by February 28, 2014. In its Opposition to Defendant's Motion to Dismiss, GCA included an alternative Motion for Leave to File a Second Amended Complaint, suggesting it could cure any defects regarding its standing and the Court's jurisdiction appearing in its First Amended Complaint. All parties have complied in a timely manner, and the matter has been fully briefed.

## II. FACTUAL BACKGROUND

GCA, a Delaware corporation with its principal place of business in this District, alleges that its former employee, Kopp, a citizen and resident of the State of New Jersey, **(I)** Breached the Non-Competition, Non-Solicitation, and Non-Disclosure Covenants of the Nonqualified Stock Option Agreement Under the 2012 Erie Acquisitions Holdings, Inc. Stock Incentive Plan (the "Option Agreement"), (Pl.'s First Am. Compl. at ¶¶ 48-59 (ECF DKT #10)); **(II)** Committed Tortious Interference with GCA's customers, (*id*. at ¶¶ 60-65); **(III)** Committed Unfair Competition, (*id.* at ¶¶ 66-71); **(IV)** Breached its Duty of Loyalty to GCA, (*id.* at ¶¶ 72-76); and **(V)** Misappropriated Trade Secrets, (*id.* at ¶¶ 77-81). In addition to monetary damages, GCA seeks injunctive relief to prevent Kopp from continuing

employment with ISS Facility Services, Inc. (GCA's competitor), soliciting its customers, disclosing and using its confidential proprietary and trade secret information, interfering with its business relationships and engaging in unfair competition.

On November 1, 2012, GCA was acquired by Blackstone Group, L.P. and became a subsidiary of Erie Acquisitions Holding, Inc. ("Erie"). (*Id.* at ¶¶ 19, 26). In connection with that sale and in recognition of Kopp's role and importance in continuing as GCA's Regional Vice President, Kopp and Erie executed the Option Agreement on October 29, 2012, giving Kopp options to purchase stock in Erie in exchange for certain restrictive covenants. (*Id.* at ¶¶ 21-23). These restrictive covenants prohibited Kopp from competing within 24 months of termination with, disclosing confidential information of, and soliciting customers or employees of Erie "or its subsidiaries." (Option Agreement at ¶ 5 (ECF DKT #14-2)). The Option Agreement also contains a choice of law clause stating that the contract is "governed by and construed in accordance with" Delaware law. (*Id.* at ¶ 13).

Kopp resigned from his position at GCA on October 15, 2013, effective October 22, 2013. (Pl.'s First Am. Compl. at ¶ 38). On October 30, 2013, Kopp took a position with ISS Facility Services, Inc., GCA's direct competitor, as the Vice President of its Aviation Division. (*Id.* at ¶ 39).

In its First Amended Complaint, GCA contends that as Erie's subsidiary it is entitled to enforce the restrictive covenants set forth in the Option Agreement. (*Id.* at ¶ 26).

### III. INTRODUCTION

Kopp filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted pursuant to FED. R. CIV. P. 12(b)(6), asserting that the Court should dismiss GCA's

Breach of Contract claim because GCA's claim failed to establish the three elements of a third-party beneficiary necessary to enforce the contract. (Defs.' Mot. to Dismiss at 1). Kopp also argued that the Court should dismiss GCA's Tortious Interference and Unfair Competition claims, which are dependant on GCA's Breach of Contract claim. *Id.*. Kopp did not challenge GCA's Breach of Duty of Loyalty or Misappropriation of Trade Secrets claims. In its Opposition, GCA contends that the challenged claims should not be dismissed because its Complaint pled sufficient facts to establish third-party beneficiary standing and that GCA can cure any deficiency regarding its standing in a Second Amended Complaint. (Pl.'s Mem. In Opp'n to Defs.' Mot. to Dismiss and Mot. to File 2d Am. Compl.).

### IV. LAW AND ANALYSIS

Federal courts have a liberal policy of "freely giv[ing] leave [to amend] when justice so requires," allowing parties to make curative changes to deficient pleadings. FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed Amendment is futile if the amendment could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Kopp does not argue that GCA brought its Motion to Amend in bad faith, to cause unnecessary delay, without notice, or after repeated failures to cure pleading deficiencies, but argues that amending the pleadings would be futile based on the principle of Judicial Estoppel.

>Under Judicial Estoppel, a party is precluded from,
>
>"**(1)** asserting a position that is contrary to one that the party has asserted *under oath in a prior proceeding*, where **(2)** the ***prior court adopted the contrary position*** either as a preliminary matter or as part of a final disposition."

*General Conf. Corp. v. McGill*, 617 F.3d 402, 414 (6th Cir. 2010) (citing *Lorillard Tobacco Co. v. Chester, Wilcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008)) (emphasis added).

In its Opposition to Kopp's Motion to Dismiss, GCA asserted that it was the only party that could possibly have benefitted from enforcing the terms of the Option Agreement because Erie, as a holding company, had no interest of its own to protect by including the Restrictive Covenants.  (Pl.'s Mem. In Opp'n to Defs.' Mot. to Dismiss and Mot. to File 2d Am. Compl. at 13).  Kopp contends (1) that this statement renders the restrictive covenants unenforceable and (2) that amending the complaint would be futile because, under Judicial Estoppel, GCA cannot contradict its prior asserted position.  (Defs.' Reply Br. in Supp. of Mot. to Dismiss and in Opp'n to Pl.'s Mot. to File 2d Am. Compl. at 3, 12 (ECF DKT #16)). The first contention requires consideration of matters outside the pleading, placing it beyond the scope of inquiry here.  The second contention is, at best, misguided, as there have been no prior proceedings in which this assertion was made and relied upon by this Court or any other. Further, the Federal Rules of Civil Procedure make clear that a plaintiff is permitted to make inconsistent assertions during the pleading stage.  *See, e.g.,* FED. R. CIV. P. 8(d)(3).  Thus, the Court finds amending the Complaint is not futile under Judicial Estoppel.

Kopp also cites *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003), in its argument that amending the pleadings would be futile; however, that case does not control here.  Unlike the *Yuhasz* plaintiff, whose amendment the court held would be futile because

he asserted that he had already plead everything he knew, *Id.* at 569, GCA asserts additional facts in its brief and claims that it would be able to cure the deficiencies in its First Amended Complaint by "more specifically and expressly alleg[ing] that it satisfies the three elements of a third-party beneficiary status." (Pl.'s Mem. In Opp'n to Defs.' Mot. to Dismiss and Mot. to File 2d Am. Compl. at 14). Thus, the Court finds, also, that granting GCA leave to file a Second Amended Complaint would not be futile under *Yuhasz*.

Since a Second Amended Complaint would not be untoward or futile, the Court GRANTS GCA's Motion to File a Second Amended Complaint. Further, the Court DENIES Kopp's Motion to Dismiss as moot since it was filed in relation to GCA's First Amended Complaint.

**IT IS SO ORDERED.**

                                             **s/ Christopher A. Boyko**
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated: June 9, 2014**